## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff <br><br> v. <br><br> **MARIO RAYNARD ROBERSON,** <br> Defendant. | **CRIMINAL NO. 4:25-CR-00355** |

## EMERGENCY MOTION REQUESTING A STAY OF MAGISTRATE JUDGE'S RELEASE ORDER AND ORDER OF DETENTION PENDING TRIAL FOLLOWING *DE NOVO* REVIEW

The United States of America, through its undersigned counsels, respectfully submits this motion requesting (1) a stay of the magistrate judge's release order granting pretrial release to Defendant MARIO RAYNARD ROBERSON ("ROBERSON") pending a determination of this Court's review of that order, and (2) a prompt deadline for the United States to submit a memorandum explaining why this Court should revoke the magistrate's release order, and enter an order of detention pending trial.

Granting the United States' request for a stay will preserve this Court's jurisdiction and protect the integrity of the judicial process, in accordance with 28 U.S.C. § 1651(a), while any incremental harm to ROBERTSON will be minimized by a prompt determination of the United States' request to review the magistrate's release order in accordance with 18 U.S.C. § 3145(a).

## I.    BACKGROUND

On July 1, 2025, a federal grand jury sitting in the Southern District of Texas returned a twelve (12) count indictment charging ROBERSON with wire fraud, conspiracy to commit arson on a property in furtherance of a federal felony offense, **conspiracy to commit arson on a property used in interstate and foreign commerce resulting in death,** and conspiracy to violate the Travel Act.

According to the evidence in possession of the United States, in 2023, ROBERSON devised a plan to set one of his residences on fire in order defraud State Farm Insurance company. (ECF No. 1, at 3).   Two of the individuals recruited to set the fire died in the blaze.

ROBERSON was arrested on July 10, 2025.   A detention hearing was held on July 14 and 16 of 2025 before Hon. Magistrate Judge Christina A Bryan, who on July 16 granted conditions of release.

## II.    LEGAL STANDARD

The Bail Reform Act, 18 U.S.C. §§ 3141-3156, permits courts to detain a defendant pending trial if there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant as required or the safety of the community.  *See* 18 U.S.C. §§ 3142(b) and 3142(e).    A judicial officer is required to detain a defendant pending trial if such officer finds that no condition or combination of conditions will reasonably assure against either 1) the failure of the defendant to appear as required, or 2) any danger that the defendant might pose to the safety of any person or the community; the United States bears the burden of proving risk of non-appearance by clear and

convincing evidence, or dangerousness by a preponderance of the evidence. 18 U.S.C. §§ 3142(e)-(f); *United States v. Araneda*, 899 F.2d 368, 370 (5th Cir.1990).  Section 3142(g) enumerates various factors that courts must consider in assessing whether there are conditions that will reasonably assure the appearance of the defendant and the safety of the community.  18 U.S.C. § 3142(g).[1]

Under 18 U.S.C. § 3145(a)(1), the United States is entitled to seek a district judge's review of a magistrate judge's release order.  18 U.S.C. § 3145(a)(1) ("If a person is ordered released by a magistrate judge . . .the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.").

A district judge's review of a magistrate judge's release order is *de novo*.  *United States v. Fortna,* 769 F.2d 243, 249 (5th Cir.1985*).*

## III.    DISCUSSION

There is a rebuttable presumption that the defendant represents a risk of non-appearance and a danger to the community if there is probable cause to believe that he has

---

[1] Those factors include: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including— (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

committed an offense listed in section 2332b(g)(5)(B) of Title 18, United States Code, for

which a maximum term of imprisonment of 10 years or more is prescribed. 18 U.S.C. §

3142(e)(3)(C). Title 18, United States Code, Section 844(i), the offense charged in Count

11 of the indictment, is an offense listed in section 2332b(g)(5)(B), and therefore triggers

a rebuttable presumption under section 3142(e)(3)(B). *See United States v. Mattis*, 963

F.3d 285, 300 (2d Cir. 2020) (noting that a presumption arises in case in which a defendant

was charged with violating 18 U.S.C. § 844(i)); *see also United States v. Mahon*, No. CR-

09-0712-02 PHX-DGC, 2009 U.S. Dist. LEXIS 73916, at *4 (D. Ariz. Aug. 11, 2009)

(noting that a "presumption arises from 18 U.S.C. § 3142(e)(3)(C)" in a case involving an

indictment charging a conspiracy to violate 18 U.S.C. § 844(i), "an offense listed in 18

U.S.C. § 2332(g)(5)(B) for which a maximum prison term of 10 years or more is

prescribed.").

     As a result of the magistrate judges' release order on July 16, 2025, the United

States' respectfully requests an opportunity to be heard and argue in favor of detention

pending trial based on ROBERSON's false and misleading statements to Pretrial Services;

the fact that ROBERSON is exposed to a maximum sentence of life if convicted; the strong

weight of the evidence; dangerousness to the community, and ROBERSON's history and

characteristics.

## IV.    CONCLUSION

     For the foregoing reasons, the United States respectfully submits that a

consideration of the factors set forth at 18 U.S.C. § 3142(g) should compel this Court to

stay, and ultimately revoke, the magistrate judge's release order; permit the United States

to file a memorandum explaining why the magistrate judge's release order should be revoked, and an order and allow the United States an opportunity to file a request for review of the release order pending trial while ROBERSON remains temporarily detained.

**RESPECTFULLY SUBMITTED.**

In Houston, Texas, this 16th day of July 2025.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

*/s/ Kelly Zenón-Matos*
**Kelly Zenón-Matos**
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, TX 77002
Main: (713) 567-9000
Direct: (713) 567-9362
Email: kelly.zenon@usdoj.gov

*/s/ Alexander Alum*
**Alexander Alum**
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, TX 77002
Main: (713) 567-9000
Direct: (713) 567-9742
Email: alexander.l.alum@usdoj.gov

5

6

*/s/ Byron H. Black*
**Byron H. Black**
Assistant United States Attorney
SDTX Fed. No. 3874745
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Main: (713) 567-9000
Direct: (713) 567-9432
Email: Byron.Black@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this response was served on counsel of record

via electronic court filing on July 16, 2025.


*/s/ Kelly Zenón-Matos*
Kelly Zenón-Matos
Assistant United States Attorney
United States Attorney's Office